IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
July 2000 Session

## STATE OF TENNESSEE v. SHANNON CORLEY

**Direct Appeal from the Circuit Court for Blount County**
**No. C-11285      D. Kelly Thomas, Jr., Trial Judge**

**No. E2000-00382-CCA-R3-CD**
**September 12, 2000**

The defendant seeks full probation after pleading guilty to aggravated burglary and theft. She claims the trial court erred in requiring her to be incarcerated for ninety days of her four-year sentence. We affirm the sentence as imposed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ROBERT W. WEDEMEYER, JJ., joined.

George Waters, Assistant District Public Defender, for the appellant, Shannon Corley.

Paul G. Summers, Attorney General & Reporter; Clinton J. Morgan, Counsel for the State; Michael L. Flynn, District Attorney General; and Tammy M. Harrington, Assistant District Attorney, for the appellee, State of Tennessee.

### OPINION

The defendant, Shannon Corley, committed aggravated burglary and theft at two different residences in two different counties and criminal trespassing at another residence in a third county. This opinion addresses only her sentences for aggravated burglary and theft in Blount County. As part of a negotiated plea agreement, the Blount County Circuit Court sentenced her as a Range I offender to four years on the aggravated burglary and one year on the theft, concurrently. The trial court ordered that the defendant serve ninety days incarceration with the remainder of the sentence to be served on probation. She now appeals, asserting that she should have received full probation.

### Background

On June 19, 1998, the defendant and Keith Hatley drove to a house in Blount County, where the defendant broke into the house and stole several firearms. They then drove to a residence in Monroe County, where she again entered the house and stole property. During vehicular pursuit by authorities, she entered a carport and attempted to walk into a residence in Loudon County, for which she was charged with criminal trespassing.

Regarding the instant Blount County charges, in May 1999 the defendant entered an agreement with the state, in which she pled guilty to aggravated burglary, a Class C felony, and theft of property valued between $500 and $1000, a Class E felony. Consistent with that agreement, she received sentences of four years on the burglary and one year on the theft, to be served concurrently.

At the sentencing hearing on October 5, 1999, the trial court heard testimony from the twenty-four year old defendant. She stated that although she had used marijuana for five years, she had not used any controlled substances for the five months preceding the hearing. She expressed remorse for her participation in the crimes.

The trial court noted that the defendant had committed several serious offenses on one day and found that absence of any confinement "would really lessen the seriousness of these offenses." That court thus imposed a split sentence: The defendant would serve ninety days in jail and the remainder of the sentence on supervised probation.

## Analysis

The defendant asserts only that she should have received full probation without ninety days of incarceration. When a defendant challenges the length or manner of service of a sentence, it is the duty of this Court to conduct a de novo review on the record "with a presumption that the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d). This presumption "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The appellant carries the burden of showing that his sentence is improper. See Tenn. Code Ann. § 40-35-401(d) sentencing comm'n cmts; State v. Jernigan, 929 S.W.2d 391, 395 (Tenn. Crim. App. 1996). In the instant case, we grant the presumption of correctness.

To merit the statutory presumption for alternative sentencing provided in Tennessee Code Annotated § 40-35-102(6), a defendant must (1) be an especially mitigated or a standard offender; (2) be convicted of an Class C, D, or E felony; and (3) not possess a "criminal histor[y] evincing a clear disregard for the laws and morals of society" or "evincing failure of past efforts at rehabilitation." See Tenn. Code Ann. § 40-35-102(5), -(6). As a Class C felony Range I offender and not identified as a priority for incarceration by the statute, the defendant is presumed a favorable candidate for alternative sentencing.

Evidence to the contrary, however, can rebut the presumption. See Tenn. Code Ann. § 40-35-102(6). A defendant "is not automatically entitled to probation as a matter of law." See Tenn. Code Ann. § 40-35-303(b) sentencing comm'n comments; State v. Hartley, 818 S.W.2d 370, 373 (Tenn. Crim. App. 1991). To implement the purposes of the Criminal Sentencing Reform Act of 1989, the sentencing court considers whether (1) incarceration is necessary to protect the public from an offender with a long history of criminal conduct; (2) incarceration "is necessary to avoid depreciating the seriousness of the offense" or "is particularly suited to provide an effective deterrence to others likely to commit similar offenses"; and, (3) "[m]easures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant." Tenn. Code Ann. § 40-35-103 (1)(A)-(C). Any of these factors may rebut the presumption favoring an alternative sentence.

The inquiry regarding full probation differs from that for general alternative sentencing. If the defendant is entitled to the statutory presumption for alternative sentencing, the state must defeat that presumption with evidence to the contrary. Even with this presumption, however, a defendant seeking full probation must show that such probation will "subserve the ends of justice and the best interest of both public and defendant." State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990); see also State v. Bingham, 910 S.W.2d 448, 455-56 (Tenn. Crim. App. 1995).

The trial court imposed the ninety days of incarceration because it found that no jail time would diminish the severity of the circumstances of the offense: several serious offenses, involving home invasion, occurring during one day. A trial court may properly consider whether alternative sentencing will decrease the severity of an offense as a basis for denying alternative sentencing, but such a determination must comprise a conclusion that the nature of the offense as committed is "especially violent, horrifying, shocking, reprehensible, offensive, or otherwise of an excessive or exaggerated degree" to justify denial of probation. State v. Cleavor, 641 S.W.2d 541, 543 (Tenn. 1985). Multiplicity of offenses committed over a short period of time may constitute this excessive or exaggerated degree. See State v. Zeolia, 928 S.W.2d 457, 462 (Tenn. Crim. App. 1996)(The defendant participated in the burning of four barns within forty-eight hours.).

The instant finding, however, addresses the defendant's proving her suitability for full probation. As noted in Zeolia, we are not required to ignore multiple counts over a short duration, and "failure to consider multiplicity of counts would be 'simply irrational and offensive to the underlying principles of sentencing.'" Id. at 462 (citation omitted). The instant defendant has only been convicted of the Loudon County criminal trespass, for which she received 10 days in jail and subsequent probation, and the instant charges, but she admitted to the other crimes at the Blount County sentencing hearing. In Zeolia, we considered multiplicity in the context of denying alternative sentencing outright, and here we conclude that we are not bound to ignore those similar circumstances regarding the instant case. Participation in a crime spree, comprising purposeful and repeated actions, contravenes argument for full probation.

Further, we note that the defendant admitted to years of marijuana abuse. She was a significant participant in a Class C felony and a Class E felony offense. The record establishes that

she missed one court date and one grand jury summons regarding the instant case. Also, the probation officer's pre-sentence report noted that the officer observed the defendant drive from a meeting, despite her lacking a valid operator's license. Overall, these factors reflect poorly on her respect for the law and thus on her potential for rehabilitation. We find no error in the trial court's sentence.

## CONCLUSION

The sentence from the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE